United States District Court
Southern District of Texas
**ENTERED**
April 21, 2016
David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND PETITION OF | § | |
| ORION MARINE CONSTRUCTION, INC., | § | CIVIL ACTION H-15-2885 |
| | § | |
| *Petitioner.* | § | |

## MEMORANDUM OPINION & ORDER

Pending before the court are (1) claimant Jose Garza-Zuniga's ("Claimant") motion to lift stay (Dkt. 21) and (2) petitioner Orion Marine Construction, Inc.'s ("Petitioner") motion for contempt (Dkt. 32). Having considered the motions, the briefing, and the applicable law, the court is of the opinion that Claimant's motion to lift stay should be GRANTED, and Petitioner's motion for contempt should be DENIED. All other pending motions are DENIED AS MOOT.

## I. BACKGROUND

Petitioner is the owner of the dredge *John C. LaQuay*. Dkt. 16 at 1. Claimant served as a deckhand on the *John C. LaQuay*. *Id.* at 3. On August 19, 2013, the *John C. LaQuay* commenced a voyage from Houston, Texas, which returned to Houston on January 5, 2014. *Id.* at 3. On June 23, 2014, the *John C. LaQuay* commenced another voyage from Houston which returned to Houston on February 5, 2015. *Id.* During these voyages, Claimant allegedly injured his back and shoulder. *Id.*

As a result of these injuries, Claimant brought suit against Petitioner in the 164th Judicial District Court for Harris County, Texas, on April 9, 2015 (the "State Court Action"). Dkt. 32 at 2. Claimant raised claims for negligence under the Jones Act and for unseaworthiness and maintenance and cure benefits under general maritime law. *Id.*

On October 2, 2015, Petitioner filed this lawsuit, seeking exoneration from or limitation of liability under the Limitation of Liability Act.  Dkt. 1.  On January 12, 2016, Petitioner filed its unopposed motion for *ex parte* entry of initial orders.  Dkt. 4.  The same day, the court entered an order directing claimants to file and make proof of claims, directing the issuance of monition, and restraining the prosecution of claims.  Dkt. 6.  The order required all potential claimants to file claims by March 7, 2016.  *Id.* at 2.  The order also provided that the prosecution of any related legal proceeding would be stayed and restrained until the hearing and termination of this proceeding.  *Id.*

On March 7, 2016, Claimant filed his answer and claim.  Dkt. 8.  The same day, Claimant filed a stipulation.  Dkt. 9.  Claimant stipulated that (1) this court has exclusive jurisdiction to determine all issues relating to limitation of liability, (2) Claimant would not seek a judgment on the issue of Petitioner's right to limitation of liability in the State Court Action and waives any claim of res judicata related to the issue of limitation of liability based on any judgment rendered in the State Court Action, and (3) Claimant would not seek to enforce any judgment in excess of the amount established as the proper limitation fund.  *Id.* at 1–2.  Claimant reserved the right to challenge the value of the limitation fund, which Petitioner represented to be $7,130,435.  *Id.* at 2.

The deadline to file claims passed, and no other claimants came forward.  On March 8, 2016, Petitioner filed an unopposed motion for default judgment against unknown claimants.  Dkt. 10.  On March 31, 2016, the court granted the motion.  Dkt. 20.

On April 4, 2016, Claimant filed a motion to lift stay.  Dkt. 21.  On April 13, 2016, Petitioner filed a response and a motion for contempt for violation of the stay.  Dkt. 32.  On April 15, 2016, Claimant filed a reply.  Dkt. 35.

## II. MOTION TO LIFT STAY

### A.    Parties' Arguments

Claimant requests that the stay be lifted because he "has stipulated that this court has exclusive jurisdiction over the limitation of liability proceeding and that he will not seek to enforce a greater damages award until the limitation action has been heard by this court." Dkt. 21 at 2. Claimant argues that, under the"saving to suitors" clause of 28 U.S.C. § 1333, this stipulation is sufficient to allow him to proceed with his claims in the State Court Action. *Id.* at 1–2.

In response, Petitioner notes that there are discovery motions and a motion for partial summary judgment pending before this court. Dkt. 32 at 8–9. Petitioner argues that the court should exercise its discretion to decide these motions prior to considering Claimant's motion to lift stay. *Id.* at 7–9. Petitioner also argues that Claimant's stipulation is insufficient. *Id.* at 10. Petitioner notes that Claimant has stipulated that he would not seek a ruling on Petitioner's right to limitation of liability in the State Court Action. *Id.* at 12. Petitioner argues, however, that the stipulation should not be limited to the State Court Action but should be unlimited in nature. *Id.* Further, Petitioner points out that Claimant's stipulation agrees not to seek a judgment in excess of the "amount established as the proper limitation fund" and reserves the right to challenge the value of the limitation fund. *Id.* Because the stipulation does not commit to a specific value of the limitation fund, Petitioner argues that the stipulation is ambiguous and effectively meaningless. *Id.*

In reply, Claimant argues that his stipulation is sufficient. Dkt. 35 at 1. Claimant states that his stipulation specifically references the State Court Action because no other related state court proceedings exist. *Id.* at 2. Claimant asserts that his stipulation makes clear that this court has exclusive jurisdiction to determine all issues related to limitation of liability and that he will not seek

3

any judgment in excess of the limitation fund.  *Id.* at 2–3.  Therefore, Claimant argues that the court

should lift the stay and allow him to prosecute his claims in the State Court Action.  *Id.* at 4.

**B.     Analysis**

Courts have recognized that a tension exists between the Limitation of Liability Act, which

gives a shipowner the right to seek limitation of liability exclusively in federal court, and the "saving

to suitors" clause of 28 U.S.C. § 1333, which gives suitors a choice of remedies.  *In re Tetra Applied*

*Techs. LP*, 362 F.3d 338, 341 (5th Cir. 2004).  Courts have resolved this conflict by creating

exceptions to the exclusive jurisdiction of the federal courts.  *Texaco, Inc. v. Williams*, 47 F.3d 765,

767 (5th Cir. 1995).  A claimant is permitted to pursue claims outside of the federal court limitation

action

> (1) if [the claims] total less than the value of the vessel, or (2) if the
> claimants stipulate that the federal court has exclusive jurisdiction
> over the limitation of liability proceeding and that they will not seek
> to enforce a greater damage award until the limitation action has been
> heard by the federal court.  Thus, if the necessary stipulations are
> provided to protect the rights of the shipowner under the Limitation
> Act, the claimants may proceed in state court.

*In re Tetra*, 362 F.3d at 341 (citations and internal quotation marks omitted).  Claimant has

stipulated that (1) this court has exclusive jurisdiction over all issues related to the limitation of

liability proceeding and (2) he will in no event attempt to enforce a damages award greater than the

limitation fund.  *See* Dkt. 9.  There are no other claimants in this case.  *See* Dkt. 20 (granting default

judgment against unknown claimants).  This stipulation is sufficient to permit Claimant to prosecute

his claims in the State Court Action.  *See In re Eckstein Marine Serv., LLC*, No. 10-CV-0156, 2010

WL 518245, at *1 (S.D. Tex. Feb. 3, 2010) (Rosenthal, J.) (explaining that, in single-claimant cases

where an appropriate stipulation is filed, "a district court is required to dissolve its injunction to

permit the single claimant to pursue a separate action and jury trial" (citation and internal quotation

4

marks omitted)); *see also Texaco*, 47 F.3d at 768 ("The case law is clear that if all claimants stipulate that the federal court has exclusive jurisdiction over limitation issues and the claimants will not seek to enforce a greater damage award than the limitation fund, the claimants may proceed outside of the limitation action."); *In re Two R Drilling Co., Inc.*, 943 F.2d 576, 578 (5th Cir. 1991) ("Where the claimant concedes the admiralty court's exclusive jurisdiction to determine all issues relating to the limitation of liability, the district court should lift any stay against the state proceeding.").

Contrary to Petitioner's position, Claimant was not required to stipulate to a specific value of the limitation fund.  Claimant has the right to challenge Petitioner's representation regarding the value of the fund.  Claimant's stipulation effectively caps Petitioner's liability at the amount of the limitation fund, regardless of the ultimately established value of the fund.  This stipulation adequately protects Petitioner's rights under the Limitation of Liability Act.  *See In re Tetra*, 362 F.3d at 343 (finding, where claimant stipulated that he would not enforce a state court judgment in excess of the limitation fund but would not stipulate to the adequacy of the limitation fund, that the stipulation was sufficient because it protected the shipowner's right to cap his liability at the amount of the fund); *Odeco Oil & Gas Co., Drilling Div. v. Bonnette*, 4 F.3d 401, 405 n.7 (5th Cir. 1993) (explaining that a stipulation is sufficient where it covers all claimants and ensures that the shipowner will never have to pay more than the limitation fund).  Further, Claimant's stipulation is not rendered insufficient merely because it specifically references the State Court Action.  Claimant is the sole claimant and has brought no other state court lawsuits. Moreover, Claimant has specifically represented that "in no event will he seek to enforce *any* judgment in excess of the limitation fund."  Dkt. 35 at 3 (emphasis added); *see also* Dkt. 9 at 2 ("[I]n no event will Claimant seek to enforce those excess judgments or recoveries insofar as same may expose Petitioner to liability in excess of the limitation fund.").

5

The court finds that Claimant's stipulation effectively prevents Petitioner from being subject to a damages award above the amount of the limitation fund. Therefore, Claimant should be permitted to proceed with his claims in the State Court Action. The state court is the proper forum to hear Claimant's claims in their entirety; therefore, the court declines to exercise its discretion to rule on the pending discovery motions and motion for partial summary judgment. Accordingly, Claimant's motion to lift stay is GRANTED, and the pending discovery motions and motion for partial summary judgment are DENIED AS MOOT.

### III.  MOTION FOR CONTEMPT

### A.    Parties' Arguments

On April 6, 2016, Claimant filed its first notice of filing business records affidavits in the State Court Action. Dkt. 32, Ex. A. Petitioner argues that this filing constitutes a violation of this court's stay and asks the court to hold Claimant in contempt of court. Dkt. 32 at 13–15. Petitioner explains that many of the affidavits could be considered "affidavits concerning cost and necessity of services." *Id.* at 14. Under Texas law, Petitioner would be required to serve counteraffidavits within 30 days if it intended to challenge the claims reflected in Claimant's affidavits. *Id.* Therefore, Petitioner argues that Claimant's filing of affidavits constitutes prosecution of an enjoined action in violation of this court's order and could prejudice Petitioner's rights in the State Court Action. *Id.* Petitioner asks that this court find Claimant in contempt of court and issue an order compelling Claimant to withdraw the affidavits filed in the State Court Action. *Id.* at 14–15.

Claimant responds that he did not intend to invoke any obligation on the part of Petitioner to respond to the affidavits, and he believes that Petitioner has no obligation to respond because deadlines are stayed in the State Court Action. Dkt. 35 at 6. Claimant indicates that the affidavits were meant merely as a supplement to the billing and medical records already in Petitioner's

6

possession.  *Id.* at 7.  However, Claimant recognizes that he should have waited to file the affidavits. *Id.* at 6.  Claimant represents that the affidavits will be considered withdrawn and that he will not seek any remedies against Petitioner for failure to file controverting affidavits.  *Id.* at 7.

**B.    Analysis**

The court credits Claimant's explanation that, to the extent the filing of affidavits constitutes a violation of the stay, this violation was inadvertent.  Claimant has withdrawn the affidavits and has represented that he will not attempt to use Petitioner's failure to file controverting affidavits against it.  Therefore, the court finds that Petitioner has suffered no prejudice and that it would be excessive to hold Claimant in contempt of court.  Accordingly, Petitioner's motion for contempt is DENIED.

**IV. CONCLUSION**

Claimant's motion to lift stay (Dkt. 21) is GRANTED, and Claimant is permitted to proceed with his claims in the State Court Action.  Petitioner's motion for contempt (Dkt. 32) is DENIED. All other pending motions are DENIED AS MOOT.  This case is STAYED pending resolution of the State Court Action.

Signed at Houston, Texas on April 21, 2016.

_____
Gray H. Miller
United States District Judge

7